IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR L. WESS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-2774-X (BT) |
| | § | |
| N. COLADER, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Victor L. Wess, a state prisoner, filed this *pro se* civil action under 42 U.S.C. § 1983. He also filed a motion to proceed *in forma pauperis*. The Court has screened Wess's complaint and motion to proceed *in forma pauperis* and now recommends that the motion to proceed *in forma pauperis* be DENIED and the complaint be DISMISSED as barred by the "three strikes" provision of 28 U.S.C. § 1915(g).

I.

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown v. Meg*, 857 F.3d 287,

1

291 (5th Cir. 2017) (quoting *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

Wess has accrued three strikes under § 1915(g). Before filing this complaint, and while he was incarcerated as a prisoner, Wess filed at least three civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Wess v. Hanson, et al.*, No. 7:96-cv-063-X (N.D. Tex. Apr. 10, 1997); *Wess v. Enns, et al.*, No. 7:96-cv-205-X (N.D. Tex. Apr. 10, 1997); *Wess v. Chance, et al.*, No. 7:96-cv-267-X (N.D. Tex. Apr. 10, 1997).[1]

Because Wess has accrued three strikes, § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of the filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Wess has made no allegation that he is in imminent danger of serious physical injury. He is therefore barred from proceeding *in forma pauperis* under § 1915(g).

II.

The Court recommends that Wess's motion for leave to proceed *in forma pauperis* be denied and that this action be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims as presented here, but

---

[1] Additionally, in *Wess v. Tinsley, et al.*, No. 2:95-cv-033-BB (N.D. Tex. Jul. 2, 1997), the Court noted that Wess had "sustained 5 dismissals which qualify to apply the 'three strikes' provision of the PLRA." *Wess*, 2:95-cv-033-BB at ECF No. 17.

2

without prejudice to the refiling of this complaint with full payment of the $400.00 filing fee.

Signed March 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).